UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )    ~~MBD No.    03-10327-DPW~~
                            )    Mag. No.   03-M0451-RBC
       v.                   )
                            )
JOSE RAFAEL SANTIAGO, et al. )
                            )
       Defendants.          )

GOVERNMENT'S MOTION FOR PERMISSION TO USE
WIRETAP EVIDENCE AT DETENTION HEARING

The United States of America, by its attorneys, United States Attorney Michael J. Sullivan, and Assistant U. S. Attorney Heidi E. Brieger, hereby moves pursuant to Title 18, United States Code, Section 2518(9) for permission to introduce the contents of certain intercepted wire communications during the detention hearing to be scheduled in this case. As grounds for this motion, the government states as follows:

1. On November 7, 2003, the Honorable Douglas P. Woodlock of the United States District Court for the District of Massachusetts issued a sealed order, pursuant to Section 2518 of Title 18, United States Code, authorizing the initial interception of wire communications occurring to and from a T-Mobile pre-paid cellular telephone assigned number (617) 818-0545 (the "Target Telephone").

2. Interception of wire communications over the Target Telephone occurred between November 7 and November 10, 2003.

3. On November 10, 2003, United States Magistrate Judge Robert B. Collings authorized a criminal complaint charging defendants Julio Franco, Jose Rafael Santiago, Domingo Vega, and Mark Osorio, with conspiring to possess with intent to distribute more than five kilograms of cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1). All defendants, with the exception of Julio Franco, were arrested on November 9, 2003, and brought before Magistrate Judge Collings for initial appearances on November 10, 2003. The government moved for detention, and requested a three-day continuance, pursuant to Title 18, United States Code, Section 3142(f). Magistrate Judge Collings scheduled a status conference for November 12, 2003, to permit the attorneys for the defendants to file notices of appearance and to set a date for the detention hearings. On November 12, 2003, the detention hearing was scheduled for November 17, 2003, which is less than ten days from this date. At the detention hearing, the government intends to rely upon the contents of certain intercepted wire communications to establish probable cause for the defendants' arrest and to establish that the defendants constitute a risk of flight and/or a danger to the community.

4. Pursuant to Title 18, United States Code, Section 2518(8)(b), the application considered by, and wiretap order

issued by, Judge Woodlock were filed and issued under seal. Those applications and orders may be disclosed "only upon a showing of good cause before a judge of competent jurisdiction ...". Good cause now exists for the disclosure of copies of these documents and the recordings of intercepted conversations to the named defendants and the government requests authorization to do so. However, Title 18, United States Code, Section 2518(9) provides in relevant part:

> [T]he contents of any wire, oral, or electronic communication intercepted pursuant to this chapter or evidence derived therefrom shall not be received in evidence or otherwise disclosed in any trial, hearing, or other proceeding in a Federal or State court unless each party, not less than ten days before the trial, hearing, or proceeding, has been furnished with a copy of the court order, and accompanying application, under which the interception was authorized or approved. **This ten-day period may be waived by the judge if he finds that it was not possible to furnish the party with the above information ten days before the trial, hearing, or proceeding and that the party will not be prejudiced by the delay in receiving such information.**

[Emphasis added.]

5. Because of the covert nature of the government's investigation in this matter, and the likelihood that the defendants would have hidden or destroyed evidence if they were alerted to the investigation, the government could not have

reasonably disclosed the wiretap applications and orders prior to the arrests on November 9, 2003. Now, because the detention hearing in this case is likely to take place less than ten days after the arrests, the government cannot possibly furnish the defendants with the wiretap materials ten days before the detention hearings in compliance with 18 U.S.C. § 2518(9). Under these circumstances, there is good cause for the Court to waive the ten day notice provision of 18 U.S.C. § 2518(9).

6. The defendants will not be prejudiced by a waiver of the ten-day notice provision because the provision exists chiefly to allow defendants time to move to suppress the admission of wiretap evidence, and such motions to suppress are not allowed at detention hearings. Moreover, the rules regarding the admissibility of evidence in criminal trials do not apply at a detention hearing. 18 U.S.C. § 3142(f). Consequently, challenged wiretap information may be used at a detention hearing. United States v. Apker, 964 F.2d 742, 744 (8th Cir. 1992); United States v. Angiulo, 755 F.2d 969, 974 (1st Cir. 1985). Since the defendants cannot seek to suppress the admission of wiretap evidence at the detention hearing, the government's providing them with the wiretap order and application in advance of that hearing will benefit them by accelerating the production of materials that would normally be

produced during automatic discovery. A Massachusetts District Court Judge held that it is appropriate to waive the 10-day notice provision of 18 U.S.C. § 2518(9) when the government seeks to use the contents of intercepted communications as evidence at detention hearings, <u>United States v. Shea</u>, 749 F. Supp. 1162, 1169 (D. Mass. 1990). Other judges in this District have taken a similar position, in for example, <u>United States v. Hilma Hernando-Ovalle, et al.</u>, Criminal No. 99-10257-WGY, and <u>United States v. Restrepo, et al.</u>, 01-10151-MLW.

    7. Now therefore, the government hereby moves pursuant to 18 U.S.C. § 2518(9) for an Order by the Court waiving the ten-day period otherwise required by 18 U.S.C. § 2518(9), and permitting the government to use the contents of intercepted communications at the detention hearing in this case.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

By: _____
     Heidi E. Brieger
     Assistant U.S. Attorney

Dated: November 13, 2003

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Permission to Use Wiretap Evidence at Detention Hearing will be served by hand or first class mail to all counsel of record in this matter once they are appointed or retained.

_____
HEIDI E. BRIEGER
Assistant U.S. Attorney