# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

      v.                             MAGISTRATE JUDGE'S DOCKET
                                    NO. 2003M0451-RBC-02

JOSE RAFAEL SANTIAGO, ETC.,
        Defendant.

## *MEMORANDUM AND ORDER OF DETENTION PURSUANT TO 18 U.S.C. § 3142(e)*

COLLINGS, U.S.M.J.

    The defendant appeared on November 21, 2003 with counsel for a detention hearing.

    The purpose of a detention hearing is as stated in the statute - i.e. "...to determine whether any condition or combination of conditions...(of release) will reasonably assure the appearance of the person as required and the safety of any other person and the community...".

    It is important to note that the statute contains a presumption which is

applicable to the case at bar. Specifically, § 3142(e) provides, in pertinent part:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required <u>and</u> the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), section 1 of the Act of September 15, 1980 (21 U.S.C. 955a), or an offense under section 924(c) of Title 18 of the United States Code.

Emphasis supplied.

The defendant is charged in the Complaint with a violation of the Controlled Substances Act (21 U.S.C. 801 et seq.) which carries a maximum sentence of ten years or more imprisonment. Thus, it is presumed in the instant case that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required and the safety of the community if I find that there is probable cause to believe that the defendant committed the offense charged in the Complaint. Although this presumption does not shift the burden of persuasion to the defendant, it does place a burden of production on the defendant, and even if evidence to meet

that burden is produced, the presumption does not disappear. The Court is permitted to incorporate into the calculus Congress's judgment that defendants who have probably committed serious drug felonies are dangerous and pose particularly great risks of flight. *United States v. Jessup,* 757 2d 378 (l Cir., l985); *United States v. Palmer-Contreras*, 835 F.2d 15, 17-18 (1 Cir., 1987).

The first issue then is whether there is probable cause to believe that the defendant committed the offense with which he is charged. After hearing, I found probable cause.

The second issue is whether the defendant has met his burden of production. I find that he has not produced any evidence that there are conditions of release which would reasonably assure the safety of other persons and the community, and, therefore, has failed to meet his burden of production. He shall be detained on the basis of presumption of dangerousness found in 18 U.S.C. § 3142(e).

Pursuant to 18 U.S.C. § 3142(e), it is ORDERED that the defendant be, and he hereby is, DETAINED pending trial of the charge contained in the above-styled Complaint. Pursuant to 18 U.S.C. § 3142(e), the written findings of fact and a written statement of reasons for the detention are contained

*supra.* Further pursuant to 18 U.S.C. § 3142(i), it is ORDERED that:

> (1) The defendant be, and he hereby is, committed to the custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;
>
> (2) The defendant be afforded reasonable opportunity for private consultation with his counsel; and
>
> (3) On Order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to an authorized Deputy U. S. Marshal for the purpose of any appearance in connection with a court proceeding.

Review of the within Detention Order may be had by the defendant filing a motion for revocation or amendment of the within Order pursuant to 18 U.S.C. Sec. 3145(b).

*/s/ Robert B. Collings*
_____ROBERT B. COLLINGS
United States Magistrate Judge

Date: November 24, 2003.