UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 03-10383-RGS |
| | ) | |
| v. | ) | VIOLATIONS: |
| | ) | |
| 1.   JULIO FRANCO, | ) | - 21 U.S.C. § 846 – |
| a/k/a "Ramon | ) | |
| Mercedes-Ortiz," | ) | Conspiracy to Distribute |
| 2.   DOMINGO VEGA, | ) | And to Possess with Intent |
| a/k/a "Mingo," and | ) | To Distribute, Cocaine |
| 3.   JOSE RAFAEL SANTIAGO, | ) | |
| a/k/a "Raffi," | ) | - 21 U.S.C. § 846 |
| | ) | Attempted Possession with |
| Defendants | ) | Intent To Distribute Cocaine |
| | ) | |
| | ) | - 18 U.S.C. § 2 |
| | ) | Aiding and Abetting |
| | ) | |
| | ) | - 21 U.S.C. § 853 |
| | ) | Criminal Forfeiture |

**MOTION FOR DISCOVERY AND INSPECTION**
**(WITH MEMORANDUM OF AUTHORITIES)**

Now comes the defendant, Jose Rafael Santiago, who by and through his undersigned counsel, moves this Honorable Court pursuant to Massachusetts Rules of Criminal Procedure and the Federal Rules of Criminal Procedure 16 and the "due process" clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States to order the Government to produce for his inspection and copying the following, which are known to or are in the possession of the Government or any of its agents or which through due diligence would become known from the investigating officers, or witnesses or persons having knowledge of this case [see Rule 16(c), F.R.Cr.P. and M.R.Cr.P.]."

1. Any and all written or recorded statements made by or purported to have been made by the defendant, Jose Rafael Santiago, together with the substance of any oral statement attributed to any defendant which the Government intends to offer in evidence at the trial in the above entitled and numbered cause, including but not limited to any and all tape recordings of telephone conversations to which any defendant is purported to have been a party and any and all documents, instruments or forms of any kind signed or purported to have been signed by any defendant herein. [Rule 16(a) (1) (A), F.R.Cr.P. and M.R.Cr.P.]

2. The substance of any and all statements which the Government alleges are admissible as statements of a co-conspirator made during the course and in furtherance of the conspiracy. [Rule 801(d) (2) (E), F.R.Ev.; Rule 16(a) (1) (A), F.R.Cr.P. and M.R.Cr.P.]

3. A copy of any of the defendant's prior criminal record, if any. [Rule 16(a) (1) (B), F.R.Cr.P. and M.R.Cr.P.]

4. Any and all tangible objects obtained during the investigation in this case, including, but not limited to, any and all currency, documents, instruments or other writing obtained from defendant or any co-defendants as well as the substances alleged to be a controlled substances.

5. Any and all instruments, documents or other tangible objects which the Government may intend to use as evidence in their case in chief at trial and which are obtained from or alleged to belong to or were made of the defendant or to any co-defendants or unindicted co-conspirator. [Rule 16(a) (1) (C), F.R.Cr.P. and M.R.Cr.P.]

6. All other instruments, documents, writings, other papers, books, tape recordings, transcripts, or other tangible objects the Government plans to offer in evidence in this case. [Rule 16(a) (1) (C), F.R.Cr.P. and M.R.Cr.P.]

7. Any and all other books, papers, documents or tangible objects which the Government relied upon in returning the Indictment against the defendant, Jose Rafael Santiago, or which the Government plans to offer in evidence in this case. [Rule 16(a) (1) (C), F.R.Cr.P. and M.R.Cr.P.]

8. Any and all statements of the co-defendants or alleged "co-conspirators" herein whether written or oral, subsequently reduced to writing, tape recorded, transcribed or summarized in agent's reports, or copies thereof, within the possession, custody or control of the Government, the existence of which is known or, by the exercise of due diligence, may become known to the attorneys for the Government. [Rule 16(a) (1) (A) F.R.Cr.P. and M.R.Cr.P.]

9. Any and all names and addresses of individual witnesses who the Government intends to call at trial, either in its case in chief or as rebuttal witnesses herein. [Rule 16(a) (1) (C), F.R.Cr.P. and M.R.Cr.P.]

10. Any and all names and addresses of persons who have knowledge pertaining to this case, or who have been interviewed by the Government or their agents in connection with this case. [Rule 16(a) (1) (C), F.R.Cr.P. and M.R.Cr.P.]

11. Any and all F.B.I. and local arrest and conviction records of all persons in paragraphs 9 and 10 the Government plans to call as witnesses. [Rule 16(a) (1) (C), F.R.Cr.P. and M.R.Cr.P.]

12. Written statements of all persons in paragraphs 9 and 10 who the Government does not plan to call as witnesses. [Rule 16(a) (1) (C), F.R.Cr.P. and M.R.Cr.P.]

13. The name, identity and whereabouts of any informer who gave information leading to the seizure and arrest of Jose Rafael Santiago herein or investigating of this cause or the

investigation, arrest or seizure of evidence in other causes which may have led to the identification of witnesses, evidence of the arrest of the defendant in this cause.

14. Any and all results of physical or mental examinations. [Rule 16(a) (1) (D), F.R.Cr.P. and M.R.Cr.P.]

15. Any and all written reports of any chemical analysis of the substance alleged to be marijuana, cocaine and/or any other controlled substance seized herein, if any, conducted by the Government or any of its agents or anyone at its direction, together with any description, test results, test dates, and any determinations as to the nature or weight of said substance. [Rule 16(a) (1) (D), F.R.Cr.P. and M.R.Cr.P.]

16. Any and all handwriting exemplars or tests, fingerprint impressions, blood samples, clothing, hair, fiber, handwriting or voice exemplars or other materials obtained by whatever means or process which the Government intends to offer into evidence or utilize at the trial herein, whether same were those of this defendant or were those of some other person or persons known or unknown and any and all comparisons or written reports of tests, analysis or other examinations conducted upon same by the Government or any of its agents or anyone at its direction.

17. The transcript of testimony given by any person before the Grand Jury in this cause and including, but not limited to, the precise nature of any statements attributable to the defendant.

18. Any and all materials known to the Government or which may become known, or which through due diligence may be learned from the investigating officers or the witnesses or persons having knowledge of this case, which is exculpatory in nature or favorable to the accused or which may lead to exculpatory or favorable material or which might serve to mitigate

punishment, including any evidence impeaching or contradicting testimony of Government witnesses or instructions to Government witnesses not to speak with or discuss the facts of the case with defense counsel. [Due Process Clause of the Fifth and Fourteenth Amendments to the Constitution of the United States.]

19. The substance of any and all statements or discussions had with any of the co-defendants herein or with any such persons' counsel indicating a promise or suggestion of leniency, compensation, assurance not to prosecute, agreement to proceed on only certain counts of an indictment, representation with respect to yet uncharged misconduct, or any benefit accruing to said individuals whatsoever in exchange for their cooperation, assistance or testimony at the trial herein. [Due Process Clause of the Fifth and Fourteenth Amendments and the Confrontation Clause of the Sixth Amendment to the Constitution.]

20. Any and all reports specifically including but not limited to those reports which pertain to the search and seizure of the automobile in which the defendant, Jose Rafael Santiago was stopped and subsequently arrested.

These reports should include any and all information received and processed, which the Government used to effectuate the stop of the vehicle the Defendant, Jose Rafael Santiago was in and was detained on two separate occasions.

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION FOR DISCOVERY AND INSPECTION
### STATEMENTS OF THE DEFENDANT

Statements of the defendant are discoverable pursuant to the express provisions of Rule 16(a) (1), F.R.Cr.P. and M.R.Cr.P. Disclosure by the Government of the contents of any statements attributable to the defendant is necessary in order for the defendant to adequately

prepare for trial and for his counsel to intelligently advise said defendant whether he should testify or invoke his privileges under the Fifth Amendment to the Constitution. Johnson V. U.S. (C.D. Cir. 1964) 344 F.2d 163; Poe V. U.S. (D.D.C. 1964) 233 F.Supp. 1973, aff'd (1965) 352 F.2d 639; Inge V. U.S. (D.C. Cir. 1966) 356 F.2d 345.

Discovery of statements or confessions of the defendant under Rule 16(a) (1) of the F.R.Cr.P. should not only include written or recorded statements made by the defendant to government agents, but to other individuals as well. U.S. V. Baker (D.D.C. 1966) 262 F.Supp. 657, at pp. 671-672; Davis V. U.S. (Fifth Cir. 1969) 413 F.2d 1226, at pp. 1230-1231; U.S. V. Lubomski (N.D. Ill. 1967) 277 F.Supp. 713, at pp. 719-722.

Discovery of the defendant's statements under Rule 16(a) (1) should include not only verbatim statements made by the defendant, but also any summaries or government reports setting out the substance of the defendant's statements or statements attributable to . U.S. V. Federman (S.D. N.Y. 1967) 41 F.R.D. 339; U.S. V. Sharf (S.D. N.Y. 1967) 267 F.Supp. 19; U.S. V. Kasidwa S.D. N.Y. 1969) 299 F.Supp. 1053; U.S. V. Kuperberg (S.D. My. 1967) 288 F. Supp. 1115; U.S. V. Jefferson (D.C. Cir. 1971) 455 F.2d 247 [including notes of names and dates of interviews with alibi witnesses]; U.S. V. Curry (N.D. Ill. 1967) 278 F.Supp. 508; U.S. V. Morrison (N.D. Ill. 1967) 43 F.R.D. 516; U.S. V. Pilnick (S.D. N.Y. 1967) 246 F.Supp. 791, 15 p. 801; U.S. V. Reid (N.S. Ill. 1967) 43 F.R.D. 320; U.S. V. Kageyanna (D. Hawaii, 1966) 252 F.Supp. 254, at p. 285; U.S. V. Fernberg (N.D. Ill. 1974) 371 F.Supp. 1205; Davis V. U.S. (Fifth Cir. 1969) 413 F.2d 1226; U.S. V. Crisona (Second cir. 1969) 416 F.2d 107, at pp. 112-114, cert. den 297 U.S. 961.

And the court, pursuant to Rule 16 (d) (1), of the F.R.Cr.P. may enter a protective order requiring a partial disclosure of only those portions of the government reports of summaries

6

which relate to a summary of a defendant's oral statements. Moore's Federal Practice ¶16.03 [2]; Wright, Federal Practice and Procedure, Criminal §253, at p. 506; U.S. V. Garrett (S.D. N.Y. 1969) 305 F.Supp. 267; ABA Standards, Discovery and Procedure Before Trial Approved 1970, at p. 62.

These statements, which are attributable to the defendant, are controlled by the mandatory pre-trial production requirements of Rule 16(a), F.R.Cr.P., rather than by the Jencks Act [18 U.S.C. §3500(3)], and are therefore discoverable prior to trial. Davis V. U.S. (Fifth Cir. 1969) 413 F.2d 1226, at p. 13; U.S. V. Crisona (Second Cir. 1969) 416 F.2d 107, at pp. 112-114, cert. den 297 U.S. 961.

## STATEMENTS ALLEGED TO BE ADMISSIBLE UNDER THE CO-CONSPIRATOR'S EXCEPTION TO THE HEARSAY RULE

Statements of co-conspirators made during the course of the conspiracy and in furtherance of the claims and objections of that conspiracy may be exceptions to the hearsay rule and admissible pursuant to Rule 801(d) (2) (E) of the Federal Rules of Evidence. The rationale underlying that rule is that each co-conspirator is the "agent" of the other once the conspiracy is shown to exist; See: Advisory Committee's Notes Rule 801 (a) (2) (E); and as a defendant's agent, statements made by co-conspirators within the scope of that agency and in furtherance of same are said to be impliedly authorized by the Defendant as principal and are therefore admissions by the defendant. Given that such co-conspirator's statements are admissible because they are treated as statements of or adopted by the defendant, then such statements should be discoverable as the defendant's own pursuant to Rule 16(a) (1) (A) on the same theory.

## CRIMINAL RECORD OF DEFENDANT

Rule 16(a) (1) (B), F.R.Cr.P. and M.R.Cr.P., requires in mandatory terms the production by the Government of the defendant's prior criminal record, if any.

## TANGIBLE OBJECTS

Rule 16(a) (1) (C) of the F.R.Cr.P. and M.R.Cr.P. authorizes the discovery of all books, papers, documents and tangible objects in the possession or control of the Government.

The tangible objects requested including but not limited to papers, instruments, writings, and documents herein are all tangible objects obtained from the defendant and others by seizure and have always been discoverable under Rule 16 even before the 1966 revision.

These objects are discoverable since any upon which the government relied in obtaining any Indictment against the defendant are of necessity "material" to the cause and the preparation of a adequate defense, U.S. V. Pilnick (S.D. N.Y. 1967) 267 F.Supp. 791, at p. 801; U.S. V. Wolfson (D. Del. 1968) 294 F.Supp. 267, at p. 277; U.S. V. Tanner (N.D. Ill. 1967) 279 F.Supp. 457, at p. 468-471; U.S. V. Reid (N.D. Ill. 1967) 43 F.R.D. 420, at p. 522; U.S. V. Aadal (S.D. N.Y. 1967) 280 F.Supp. 859, at p. 861; U.S. V. Hughes (Fifth Cir. 1969) 413 F.2d 1244, at p. 1254; U.S. V. Condor (Sixth Cir. 1970) 423 F.2d 904, at p. 911 and any that are "intended for use by the government as evidence in chief at the trial" or were "obtained from or [will be alleged to] belong to the Defendant" are required to be produced pursuant to the mandatory terms of Rule 16(a) (1) (C) F.R.Cr.P.

## STATEMENTS OF CO-DEFENDANTS

The statements of the co-defendants requested in paragraph 8 hereof are discoverable pursuant to Rule 16 (a) (1) (C) of the F.R.Cr.P., Wright, Federal Practice and Procedure, Criminal § 254; ABA Project on Standards for Criminal Justice, Discovery and Procedure Before

Trial, Approved 1970, §2.1(a) (ii); U.S. V. Westmoreland (S.D. Inc. 1967) 41 F.R.D. 419, at p. 427; U.S. V. Percevault (7th Cir. 1974) 490 F.2d 126, at p. 130-132; U.S. V. McMillen (7th Cir. 1974) 489 F.2d 229; U.S. V. Tanner (N.D. Ill. 1967) 279 F.Supp. 457, at p. 471-472; U.S. V. Deardorff (S.D. N.Y. 1971) 343 F.Supp. 1033; U.S. V. Houston (N.D. Ga. 1972) 339 F.Supp. 762; U.S. V. Curry (N.D. Ill. 1967) 278 F.Supp. 508, at p. 514; U.S. V. Jepson (E.D. Wis. 1971) 53 F.R.D. 289, at p. 291.

Production of a co-defendant's statement is not only important to adequately prepare a defense and to determine whether or not to advise the defendant to take the stand, but is also critical to the determination of whether or not to seek a severance from any co-defendants under Burton V. U.S., 391 U.S. 123 (1968).

## PERSONS HAVING KNOWLEDGE OF CASE

The names and addresses of persons known to and interviewed by the Government who have knowledge of facts pertaining to this case are discoverable pursuant to Rule 16(a) (1) (C) of the F.R.Cr.P. and M.R.Cr.P.

The names of persons with knowledge of the facts relevant to the case is the most critical information obtainable for preparation of an adequate defense and to insure a fair trial. In light of the authority given the courts under Rule 16(d) (1), F.R.Cr.P. to impose protective orders against any intimidation of Government witnesses, it would appear unconscionable to deny this defendant the names of persons known to the government who have knowledge of facts relevant to the case. Accordingly, the names of government witnesses, or other persons having knowledge of facts regarding the case, should be discoverable by the defense prior to trial. U.S. V. Leichtfuss (N.D. Ill. 1971) 331 F.Supp. 723; U.S. V. Palmisano (E.D. Pa. 1957) 273 F.Supp. 750, at p. 752; U.S. V. Moceri (N.D. Ohio, 1973) 359 F.Supp. 431; U.S. V. Hardy (D.D.C. 1968)

Slip Opinion No. CR869-69; U.S. V. Baum (Second cir. 1973) 482 F.2d 1325; Gregory V. U.S. (D.C. Cir. 1966) 369 F.2d 185.

"Witnesses, particularly eyewitnesses to a crime are the property of neither the prosecution nor the defense. Both sides have an equal right, and should have an equal opportunity to interview them." Gregory V. U.S., (D.C. Cir. 1966) 369 F.2d 185.

And, where the government has knowledge of individuals whose testimony might be of benefit to the defense, either in exculpation or mitigation, the government is under a constitutional obligation to disclose the names of such individuals. U.S. ex. rel. Mier V. Wilkins (Second cir. 1964) 325 F.2d 135; U.S. V. Houston (N.D. Ga. 1972) 339 F.Supp. 762; Brady V. Maryland (1963) 373 U.S. 83.

The names and addresses of individuals who the government intends to call as witnesses at the trial is necessary in order to afford the defendant and his counsel effective confrontation and cross-examination of these witnesses guaranteed by the Sixth Amendment to the Constitution of the United States Pointer V. Texas (1965) 380 U.S. 400, since effective confrontation and cross-examination requires that a Government witness, "... be identified with his community so that independent testimony may be sought and offered of his reputation for veracity in his own neighborhood . . . that the jury may interpret his testimony in the light reflected upon it by knowledge of his environment. . . and that facts may be brought out tending to discredit the witness by showing that this testimony in chief was untrue or biased". Alford V. U.S. (1931) 282 U.S. 687, at pp. 691-692.

It is therefore critical, in order to effectuate meaningful confrontation and cross-examination, that the identity of the witnesses be disclosed well in advance of trial. When ". . .the credibility of a witness is in issue, the very starting point in 'exposing falsehood and

bringing out the truth through cross-examination' must necessarily" begin with the witness's name and address. Smith V. Illinois (1968) 390 U.S. 129. It is the "witness's name and address [which] open countless avenues of in-court examination and "out-of-court investigation". Smith V. Illinois, Supra. And this necessary "out-of-court investigation" cannot be conducted unless the names and addresses of these witnesses are furnished well in advance of trial.

## CRIMINAL RECORDS OF GOVERNMENT WITNESS

The arrest and conviction records, or "rap sheets", of individuals the government plans to call as witnesses requested in paragraph 13 herein should be discoverable pursuant to Rule 16(a)(1)(B), of the F.R.Cr.P. M.R.Cr.P.

This information is critically important information for meaningful cross-examination by the defense. And the defendant, unlike the Federal Government with its vast data storage and investigative facilities, is at a substantial disadvantage without such information. Wright, Federal Practice and Procedure, Criminal §254, noting that defense counsel is at a "substantial disadvantage" without the criminal records of government witnesses in advance of trial.

Furthermore, the vast investigatory resources of the United States far outstrip those of the modest defendant creating an unfair imbalance of advantage favoring the prosecution. The Supreme Court recently reiterated that the "due process" clause of the Fifth Amendment ". . . does speak to the balance of forces between the accused and his accuser". Wardius V. Oregon, 412 U.S. 470 (1973). These vast investigative resources, if not open to the minimal disclosure herein requested, provide the government with "nonreciprocal benefits" in preparing this case, and ". . . when the lack of reciprocity interferes with the defendant's ability to secure a fair trial", such constitutes a violation of the defendant's Constitutionally protected right to due process. Wardius V. Oregon, Supra, at 41 U.S.L.W., p. 4806, n.6.

"[t]he [prosecution's] inherent information-gathering advantages suggest that if there is to be imbalance in discovery rights, it should work in the defendant's favor." Wardius V. Oregon, Supra, at p. 475.

Effective confrontation and cross-examination at trial requires that the criminal records of government witnesses be produced prior to trial. Prior convictions are admissible for impeachment purposes, and these convictions may be proved conclusively only by certified copies of convictions. These documents can be obtained only from the clerk of the court in the jurisdiction where the conviction occurred. And, accordingly, pre-trial access to F.B.I. arrests and conviction records is necessary to provide information upon the basis of which these documents may be obtained in sufficient time to be of use at the trial herein.

Defendant submits that this evidence constitutes exculpatory material within the meaning of Brady V. Maryland, Supra, and therefore production is required as a matter of due process. The fact that such information would serve to impeach any testimony by said witnesses is sufficient to bring the statement under the scope of Brady V. Maryland, Supra, since the duty imposed by the Government by Brady to disclose evidence it has in its possession applies to any information "...favorable to the accused either as direct or impeaching evidence" [emphasis added]. Williams V. Dutton (Fifth Cir. 1968) 400 F.2d 797; U.S. V. Keogh (Second cir. 1968) 391 F.2d 138. Furthermore, the defendant will be unable to comply with the requirements of Rule 601 (b) requiring advance written notice of intent to use certain prior convictions for impeachment purposes where defendant is deprived of access to such records.

## STATEMENT OF INDIVIDUALS WHO

## WILL NOT BE GOVERNMENT WITNESSES

The written statements in the possession of the government of individuals who the government does not plan to call as witnesses which have been requested in Paragraph 15 hereof are discoverable under the provisions of Rule 16(A) (1) (C) of the F.R.Cr.P., as such statements would not be obtainable at any time under the Jencks Act, since that statute provides for discovery only of statements of witnesses whom the government does not intend to call as witnesses at trial. U.S. V. Hardy (D.D.C. 1968) Slip Opinion, No. CR 869-69; U.S. V. Gleason (S.D. N.Y. 1967) 265 F.Supp. 880, at p. 887; U.S. V. Ladd (D. Ala. 1969) 48 F.R.D. 266, at p. 267; 8 Moore's Federal Practice, §16.05(4); Wright, Recent Changes in the Federal Rules of Procedure, 1966, 42 F.R.D. 552, at p. 569.

Since the language of the exemption in Rule 16(a) (2) is based upon the assumption that statements made to government agents are discoverable at trial under the Jencks Act, any "statement" which is not discoverable at trial pursuant to said statute should be discoverable prior to trial under the provisions of Rule 16(a) (2), F.R.Cr.P. Davis V. U.S. (Fifth cir. 1969) 413 F.2d 1226.

## IDENTITY OF INFORMER

The name, identity and whereabouts of an informer who gave information leading to the arrest of the defendant, as well as whether said informer was paid by the Government for such information requested herein, is discoverable pursuant to Rule 16(a) (1) (C) where said informant is a witnesses to, or has knowledge of, facts relevant to the case. U.S. V. Barnes (8th Cir. 1973) 486 F.2d 776. See also: Rovario V. U.S. (1967) 353 U.S. 63, at p. 64; U.S. V. Soloman (N.D. Ill. 1967) 26 F.R.D. 397.

## EXAMINATIONS, TESTS AND EXPERIMENTS

Discovery of the examinations, tests and experiments requested herein is authorized by Rule 16(a) (1) (D). While no specific showing of materiality or reasonableness is required under the mandatory provisions of Rule 16(a), U.S. V. Hughes (Fifth Cir. 1969) 413 F.2d 1244, at p. 1250; U.S. V. White (N.D. Ga. 1970) 50 F.R.D. 70, at p 72, aff'd (Fifth Cir. 1971) 450 F.2d 264, cert. den. 405 U.S. 1072; U.S. V. Bryant (D.C. Cir. 1971) 439 F.2d 642, at p. 649; U.S. V. Isa (Seventh Cir. 1969) 413 F.2d 244, at pp. 246-247, the disclosure of such scientific material is particularly appropriate for the following reasons:

(a) Any danger of intimidation of witnesses concerning these matters is so slight as to be for all practical purposes nonexistent.

(b) Expert testimony cannot be effectively subjected to cross-examination or rebuttal without ample opportunity prior to trial to prepare appropriate material for that purpose.

(c) Expert testimony generally has, in the eyes of a jury, unusually high probative value, coming as it does from a supposedly disinterested party and concerning matters generally beyond the realm of ordinary lay information.

The defense may therefore wish to obtain its own expert witness to conduct appropriate tests, and give testimony at the trial, Criminal Justice Act of 1964, 18 U.S. C. §3006A(e); F.R.Cr.P. 28(a), and, accordingly, such specimens, experiments, tests and scientific reports and comparisons should be discoverable prior to trial. U.S. V. Dildly (D.C. 1966) 39 F.R.D. 340 [prior to new discovery rules], copies of fingerprints and expert analysis of same. U.S. V. Kaminsky (N.Y. 1967) 275 F.Supp. 365; chemical analysis of narcotics; U.S. V. Cobb (S.D. N.Y. 1967) 271 F.Supp. 159; U.S. V. Killey (Second Cir. 1969) 420 F.2d 26.

## PROMISES TO CO-DEFENDANTS OR UNINDICTED CO-CONSPIRATORS

## OR OTHER WITNESSES

The evidence of any such representations, which have been made by the government or which the government will make at any future time is discoverable pursuant to the "due process" clause of the Fifth and Fourteenth Amendments to the Constitution, and the withholding of any such evidence constitutes a denial to the defendant herein of his constitutionally protected rights to due process and fundamental fairness in the criminal proceedings not brought against them. Giglio V. U.S., 405 U.S. 150 (1972); Brady V. Maryland, Supra. Such evidence is not only exculpatory in the sense that it is legitimate grounds for impeachment of any witnesses the Government may call to testify against the defendant, Williams V. Dutton (5th Cir. 1968) 500 F.2d 797 [impeachment evidence is exculpatory evidence discoverable under Brady], but also is discoverable by the defendant in order to show such witnesses' bias or prejudice in testifying at such trial. Davis V. Alaska, 415 U.S. 308.

WHEREFORE, the defendant, Dominic Grieco, respectfully moves this Honorable Court to order the production of the above-described papers, documents and information now in the possession of the government or which, through reasonable diligence, could be obtained or located, and for such other and further relief as this Honorable Court should deem just and proper.

Respectfully submitted,
By Defendant's Attorney,

_____
Joseph J. Machera, B.B.O. #311160
Law Offices of Joseph J. Machera
220 Beach Street
Revere, MA 02151
(781) 289-8646

Dated: February 23, 2004

## CERTIFICATE OF SERVICE

I, Joseph J. Machera, counsel for the defendant, Jose Rafael Santiago, hereby certify that on this day, I served the within documents upon the Criminal Clerk's Office, United States Courthouse, Suite 9200, 1 Courthouse Way, Boston, Massachusetts 02210 and Kevin P. McGrath, Assistant U.S. Attorney, United States Courthouse, Suite 9200, 1 Courthouse Way, Boston, Massachusetts 02210.

        Respectfully submitted,
        Jose Rafael Santiago,
        By his Attorney,


        _____
        Joseph J. Machera, Esquire
        B.B.O. #311160
        Law Offices of Joseph J. Machera
        220 Beach Street
        Revere, Massachusetts 02151
        (781) 289-8646

Dated: February 23, 2004