UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR.NO. 03-10383-RGS-RBC |
| | ) | |
| JULIO FRANCO et al., | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT MEMORANDUM PURSUANT TO LOCAL RULE 116.5(C)**

Pursuant to Local Rule 116.5(C), the United States of America and the defendants Domingo Vega and Julio Santiago, by and through their respective counsel, hereby submit this joint memorandum addressing the issues set forth in Local Rule 116.5(C) in anticipation of the final status conference in this case.

**Local Rule 116.5(C)(1)**

There are currently outstanding discovery issues to be resolved, as reflected in the defendants' Motions for Discovery and Inspection and the government's opposition to these motions. The parties will meet promptly to try to resolve the outstanding discovery issues.

**Local Rule 116.5(C)(2)**

The government does not anticipate providing any additional discovery as a result of the future receipt of information, documents, or reports of examination or tests, except that the government will produce, upon receipt, final transcripts of those tapes its plans to introduce at trial.  The government is aware of its ongoing obligation to supplement its discovery responses in accordance with Fed. R. Crim. P. Rule 16 and the Local Rules.

**Local Rule 116.5(C)(3)**

Neither defendant Vega nor defendant Santiago intend to raise a defense of insanity or public authority at this time. Should counsel subsequently learn that any such defense is viable, counsel will promptly notify the government and the Court.

**Local Rule 116.5(C)(4)**

The government has requested notice of alibi from each defendant and not yet received a response from either defendant Vega or Santiago.

**Local Rule 116.5(C)(5)**

The defendants have not yet determined whether they intend to file any motions to sever, dismiss or suppress or any other motion requiring a ruling by the District Court before trial at this time, except that defendant Santiago is considering filing a motion to suppress the fruits of a car stop.

**Local Rule 116.5(C)(6)**

The parties request that another status conference be scheduled to resolve any outstanding discovery disputes after they have had a chance to narrow or resolve the discovery requests in dispute.

**Local Rule 116.5(C)(7)**

At the present time, it is not clear whether a trial will be necessary.

**Local Rule 116.5(C)(8)**

The parties agree with the periods of excludable delay set forth in the Court's Order of Excludable Delay dated February 4, 2004, except that the government respectfully submits that the period from November 11, 2003, when the government first moved for detention as to all three defendants, through November 24, 2003, when the Court issued its order of detention, should be excluded from the Speedy Trial clock calculations, instead of only the period from November 17 through November 24, 2003, as reflected in the Court's order.  This would result in 13, rather than 19, non-excludable days as of February 26, 2004. Given that both defendants had pending discovery motions as of February 26, 2004, no additional days lapsed on the Speedy Trial clock between February 26, 2004 and March 15, 2004, when the Court denied, without prejudice, the defendants' Discovery Motions.

**Local Rule 116.5(C)(9)**

The parties agree that, if this case proceeds to trial, the trial is will last approximately one week.

The undersigned has provided a copy of this Joint Memorandum to Joseph Machera, Esq., counsel for defendant Santiago, and Charles A. Clifford, Esq., counsel for defendant Vega, and they have both advised the undersigned that they assent to the filing of this Joint Memorandum on their behalf.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              UNITED STATES ATTORNEY

By: _____
     KEVIN P. MCGRATH
     Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon Joseph Machera, Esq., 220 Beach Street, Revere, MA 02151 and Charles A. Clifford, Esq., 305 Main Street, P.O. Box 62, Charlestown, MA 02129, by fax and first class mail, postage prepaid, on this date.

March 17, 2004                             KEVIN P. MCGRATH
                                                  Assistant U.S. Attorney

n:franco\francofsr